FILED
CLERK

7/9/2026 11:35 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
JASON MCMUNN,

                                    Plaintiff,

                - against -

VILLAGE OF QUOGUE,
CHRISTOPHER ISOLA and
ROBERT COUGHLAN
                                    Defendants.
------------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**

Civil Action
No. 21-2805 (GRB)(ST)

**GARY R. BROWN, United States District Judge**:

On May 13th, 2026, the Court issued an opinion, granting in part defendants'

motion for summary judgment but denying it as to one cause of action—a claim under

Section 1983 for age discrimination asserted against defendant and Quogue Village

Chief of Police Christopher Isola ("Chief Isola").  On May 27th, Chief Isola moved for

reconsideration of that decision, which plaintiff Jason McMunn ("plaintiff") opposed.[1]

*See* DE 81 (Defendant Isola's Motion for Reconsideration) ("Mot.").  That motion is

presently before the Court and identifies three bases of purported error in the May 13th

---

[1] This was not the first time that defense counsel (hereinafter "counsel") moved for reconsideration in this case.  On September 10, 2024, counsel filed a motion for reconsideration after the Court adopted in principal part a Report and Recommendation issued by Judge Tiscione but permitted plaintiff to amend the complaint to state a claim for age discrimination.  *See* Docket Entry ("DE") 61.  The Court subsequently denied the motion for reconsideration because the motion "was filed without compliance with the rules and accompanying no memorandum of law, affidavit, or other support."  *See* Order dated September 16, 2024.  Counsel then moved for leave to file a renewed motion for reconsideration.  DE 62.  The Court denied that motion.  *See* Order dated September 24, 2024.

opinion—first that the Court applied the incorrect standard for causation; second, that the Court made an inadequate finding as to pretext at step three of the *McDonnell Douglas* burden shifting test; and third, that the Court did not make adequate findings to determine whether qualified immunity should apply at summary judgment. For the reasons that follow, the motion is DENIED.[2]

**Standard of Review**

Because judgment has not been entered in this case, Chief Isola's reconsideration motion is properly brought pursuant to Federal Rule of Civil Procedure 60(b) and/or Local Civil Rule 6.3 rather than Federal Rule of Civil Procedure 59(e). Federal Rule of Civil Procedure 60(b) permits a party to relief from a district court's order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

---

[2] Chief Isola requests as an alternative to reconsideration that the court modify the May 13th Opinion to clarify that the surviving claim is advanced against Chief Isola in his individual capacity and that no official capacity claim remains. Mot. at 1, 13. That request was made only in the preliminary statement and conclusion of his motion, and, in any event, neither the Court nor (as far as the Court can ascertain) plaintiff have suggested otherwise. *See* March 13th Opinion at 29 n.9 ("To the extent that plaintiff seeks to advance arguments for a municipal liability claim against the Village under § 1983, the Court clearly denied permission for plaintiff to do so."); DE 78-6 (plaintiff discussing standard required to "hold [a] defendant liable in his individual capacity"); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also A.D. v. New York State Dep't of Corr. & Cmty. Supervision*, 21-CV-5970 (DLC), 2021 WL 5987736, at *2 (S.D.N.Y. Dec. 17, 2021) ("[i]t is hornbook law that, in order to pursue claims for monetary damages against government officials under § 1983, a plaintiff must sue those officials in their individual capacities.").

other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Preble-Rish Haiti, S.A. v. Republic of Haiti*, 21-CV-4960 (PKC), 2023 WL 4210057, at *1 (S.D.N.Y. June 27, 2023) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018) (A party's disagreement with the "[c]ourt's explication of the relevant legal standards and application of the standards to the facts of th[e] case" does not justify the filing of a motion for reconsideration.) (cleaned up). Rule 60(b) motions for reconsideration "allow[ ] extraordinary judicial relief" and thus should be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). The decision to grant or deny a motion for reconsideration is within the "sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

**Legal Analysis**

### I.    Causation

Chief Isola's first argument is that the Court mis-applied a "motivating factor" causation standard to plaintiff's age discrimination claim, rather than requiring "but-

3

for" causation.  *See* Mot. at 3.  This argument is befuddling, for the Court did in fact apply a but-for causation standard in evaluating the age discrimination claim.

The motion asserts that the Court's holding depended on a finding that "while defendants proffer a host of plausible alternative explanations for their decision to promote Hartman, [p]laintiff has also cited comments made by Chief Isola and Board members that explicitly reference age as a motivating factor in Hartman's promotion." May 13th Op. at 26-28.  In that passage, the Court did use the term "motivating factor" to describe the Board members' testimony, but as the succeeding language makes clear, that language was not the ultimate standard employed—the point of the reference to "motivating factor" was to highlight that Chief Isola and Board members *explicitly conceded* that age motivated their decision to promote Hartman rather than plaintiff.  An unequivocal admission as to a lesser standard may of course be relevant to whether a higher standard is satisfied.  *See Steele-Warrick v. Microgenics Corp.*, 677 F. Supp. 3d 107, 118 (E.D.N.Y. 2023) ("Defendants insist that because Plaintiffs also make out a claim for negligence, their allegations cannot also support a higher level of culpability such as deliberate indifference.  But they provide no reasoning as to how conduct that meets a lower standard for culpability cannot also satisfy a higher one.").

And the motion elides the fact that the Court made explicit findings as to but-for causation.  The Court explained that "[t]he Second Circuit has [ ] urged courts to exercise caution in the grant of summary judgment where intent is an issue, such as in discrimination cases" and held that though defendants had maintained "age cannot have been a but-for consideration in the failure to promote plaintiff," it is "well-

4

established that causation is a question of fact usually appropriately resolved by the jury." May 13th Op. at 27-28. The Court concluded that summary judgment was inappropriate due to outstanding issues including intent but explained that at trial, plaintiff would be responsible for showing that the alleged age discrimination occurred and was a but-for cause" of the Board terminating his application for lieutenant. *Id*. The Court therefore did apply a but-for causation standard to the age discrimination claim, and Chief Isola's first assignment of error is meritless. Indeed, counsel seems to recognize that but-for causation *was* adjudicated, for counsel pejoratively states in a footnote: "To further complicate the analysis, the court does pepper references to 'but for' causation." Mot. at 4 n.2. Indeed it did, because that was the standard employed.

Much of counsel's confusion with the Court's decision appears to flow from a fundamental misunderstanding of causation, namely ignorance as to the principle that there can be multiple but-for causes of a single employment decision. Counsel argues that "it is impossible for age to have been *the* but-for factor," Mot. at 1. (emphasis added), but there is no requirement that a but-for factor be singular.

To the contrary, the Supreme Court has recently clarified that but-for causation "can be a sweeping standard" because "often, events have multiple but-for causes," a principle that holds true in employment discrimination cases. *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 656 (2020) ("the adoption of the traditional but-for causation standard means a defendant cannot avoid liability just by citing some *other* factor that contributed to its challenged employment decision.") (emphasis in original); *see also Banks v. Gen. Motors, LLC*, 81 F.4th 242, 275 (2d Cir. 2023) ("As the Supreme Court

recently made clear, . . . in addressing a discrimination claim, [ ] there can be more than one 'but-for' cause of an adverse employment action.") (citing *Bostock*); *Kosher Ski Tours Inc. v. Okemo Ltd. Liab. Co.*, 20-CV-9815 (VB), 2023 WL 8720273, at *7 (S.D.N.Y. Dec. 18, 2023) (same).  Age discrimination cases are no exception.  *See Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) ("The condition that a plaintiff's age must be the 'but for' cause of the adverse employment action is not equivalent to a requirement that age was the employers *only* consideration, but rather that the adverse employment action *would not have occurred without it.*") (emphasis in original; other alterations removed).

That misunderstanding seems to explain counsel's assertion that the "[C]ourt seemed persuaded by the Chief's testimony regarding age, but disregarded his testimony that plaintiff was an 'adversary' who had disregarded orders from Chief Isola.  The court also disregarded the various reasons Chief Isola advanced for sergeant Hartman's candidacy, including his nursing experience and ability to fix technological things such as terminals freezing in department cars or video downloads."  Mot. at 5.  The Court did not disregard anything—all of Chief Isola's proffered alternative explanations could in theory be true and age discrimination *still* could be a but-for cause of the denial of promotion.  That is because, "there can be more than one 'but-for' cause of an adverse employment action." *Banks*, 81 F.4th at 275.  And in that context, "'it is the role of the jury' to determine whether the evidence is sufficient to establish but-for causation."  *Kosher Ski Tours*, 2023 WL 8720273, at *8 (quoting *Karupaiyan v. CVS Health Corp.*, 19-CV-8814 (KPF), 2023 WL 5713714, at *21 (S.D.N.Y. Sept. 5, 2023)); *see also*

6

*Chislett v. New York City Dep't of Educ.*, 157 F.4th 172, 184 (2d Cir. 2025).  Chief Isola's

argument that invocation of "succession planning" insulates him from liability fails for

the same reason.

Thus, the Court was not required to—and did not—disregard any testimony to

reach its conclusion.  *See United States v. Inc. Vill. of Island Park*, 90-CV-0992 (ILG), 1996

WL 68530, at *2 (E.D.N.Y. Feb. 5, 1996) ("In deciding a summary judgment motion, the

court need not resolve disputed issues of fact but need only determine whether there is

any genuine issue to be tried.") (citing *Eastman Mach, Co., Inc. v. United States*, 841 F.2d

469, 473 (2d Cir. 1988)).  Indeed, that standard is a mandate, not merely an invitation,

for "courts may not resolve genuine disputes of fact in favor of the party seeking

summary judgment."  *Tolan v. Cotton*, 572 U.S. 650, 656 (2014).

Factual issues regarding Chief Isola and the Board's state of mind are sufficient

to overcome summary judgment in this case.  To be sure, the "summary judgment rule

would be rendered sterile if mere incantation of intent or state of mind would act as a

talisman to defeat an otherwise valid motion."  *Rosinski v. Am. Axle & Mfg., Inc.*, 663 F.

Supp. 2d 197, 203 (W.D.N.Y. 2009), *aff'd*, 402 F. App'x 535 (2d Cir. 2010) (quoting *Meiri v.*

*Dacon*, 759 F.2d 989, 997 (2d Cir. 1985).  And "even in the discrimination context, a

plaintiff must provide more than conclusory allegations to resist a motion for summary

judgment." *Uttarwar v. Lazard Asset Mgmt. LLC*, 24-1085-CV, 2025 WL 704278, at *1 (2d

Cir. Mar. 5, 2025) (cleaned up) (quoting *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93,

101 (2d Cir. 2010)).  But as the Court discussed at length in the May 13th opinion,

plaintiff has satisfied that burden by pointing to specific statements made by both Chief

7

Isola and Board members that a reasonable jury could construe as sufficient evidence of a discriminatory animus based on age that operated as a but-for cause of plaintiff's lieutenant application being denied. May 13th Op. at 26-27.

And while Chief Isola argues that "the Court denied summary judgment without identifying any disputed facts," Mot. at 5, that claim is defective for two reasons. First and most importantly, "[i]t is well established that a person's state of mind is a fact question to be proved the same as any other fact." *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 133 n.17 (2d Cir. 2009); *see also SEC v. Kelly*, 765 F. Supp. 2d 301, 319 (S.D.N.Y. 2011) (denying motions for summary judgment "[b]ecause genuine issues of fact exist regarding each defendant's state of mind."). Second, the Court also identified other disputes of material fact, such as whether "the relationship between plaintiff and Chief Isola had soured in the past, making any partnership between the two 'untenable[.]'" May 13th Op. at 27.

Most troubling, however, are counsel's assertions that "in holding that causation usually should be determined by the jury, the Court improperly relied on *Petrozza v. Inc. Vill. of Freeport*[, 602 F. Supp. 137 (E.D.N.Y. 1984)]" and that "[t]he Court was also mistaken in citing *Cravetts* [v. *Fed. Rsrv. Bank of New York*, 03-CV-9726 (HB), 2004 WL 2472122, at *1 (S.D.N.Y. Nov. 3, 2004)] for the proposition that the Second Circuit urged caution in granting summary judgment where intent is an issue." Mot. at 5. The Court's citation of those cases, counsel argues, was misplaced because they did not survive subsequent developments in the caselaw. This argument is disingenuous.

8

Counsel goes through great pains to explain how *Petrozza* and *Cravetts* are potentially distinguishable, arguing that their holdings are inapposite here due to the intervening case *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009), which changed the standard of proof in ADEA cases from motivating factor to but-for causation.[3] Counsel never explains how the change in that standard would alter the analysis and for good reason.

Even after *Gross*, the Second Circuit has repeatedly reiterated the principle—originally detailed in *Gallo v. Prudential Residential Svcs., Ltd.*, 22 F.3d 1219 (2d Cir. 1994) later cited in *Petrozza* and *Cravetts*, and finally cited by this Court—that causation, even but-for causation, is presumptively a jury question. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) (holding in an ADEA case employing but-for causation standard that "[o]ur Court has repeatedly emphasized the need for caution about granting summary judgment to an employer in a discrimination case where, as here, the merits turn on a dispute as to the employer's intent.") (Calabresi, J.) (cleaned up); *Mavrommatis v. Carey Limousine Westchester, Inc.*, 476 F. App'x 462, 464 (2d Cir. 2011) (employing same standard in ADEA case); *Rasmy v. Marriott Int'l, Inc.*, 952 F.3d 379, 392 n.61 (2d Cir. 2020) (employing standard and denying summary judgment under but-for causation framework); *see also Perez v. City of New York*, 843 F. App'x 406, 407 (2d Cir. 2021) (nearly identical language to *Gorzynski*); *Lue v. JPMorgan Chase & Co.*,

---

[3] The attempt to distinguish *Petrozza* was particularly unconvincing because the Court included the decision due to its quotation, in turn, of Prosser's Law of Torts. Tellingly, the motion makes no effort to explain how Prosser's rule would not apply where a but-for causation standard is employed.

768 F. App'x 7, 10 (2d Cir. 2019) (same); *Figueroa v. Johnson*, 648 F. App'x 130, 132 (2d Cir. 2016) (same); *Kiernan v. Town of Southampton*, 734 F. App'x 37, 44 (2d Cir. 2018) ("summary judgment is inappropriate when questions of motive predominate in the inquiry about how big a role the protected behavior played in the employment decision.") (internal quotation marks omitted); *Dotson v. City of Syracuse*, 763 F. App'x 39, 41 (2d Cir. 2019) ("This Court has long recognized the need for caution about granting summary judgment to an employer in a discrimination case where, as here, the merits turn on a dispute as to the employer's intent.").

These citations are only a sample of the more than twenty such decisions by the Second Circuit since 2010. Those consistent holdings render utterly bizarre counsel's insistence that the caselaw cited in the May 13th opinion is inapplicable because "neither *Cravetts* nor *Gallo* were 1983 cases, and both were decided prior to *Gross*." Mot. at 5. Indeed, when coupled with counsel's omission of binding Second Circuit authority, counsel's argument could constitute an ethics violation. *See Village of Freeport v. Barrella*, 814 F.3d 594, 609 n.60 (2d Cir. 2016) ("We remind counsel that attorneys have an ethical obligation to 'disclose to the tribunal controlling legal authority known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.' That duty of candor extends to an [ ] opening brief.") (quoting N.Y. Rules of Prof'l Conduct 3.3(a)(2)). While counsel here did not explicitly assert that *Gross* abrogated the standard articulated in *Gallo*, that was the plain implication of counsel's arguments. The Second Circuit has repeatedly rejected counsel's contention, and its

10

holdings constitute controlling legal authority that appears directly adverse to counsel's

position.  It is, of course, counsel's obligation to disclose controlling adverse authority.

In any event, Chief Isola and the Board members' statements strongly support

the Court's determination that a jury could determine age-based discrimination was the

but-for cause of plaintiff being denied the lieutenant promotion.  As the Court

previously detailed:

> In his deposition, Isola cited Hartman's proficiency with technology and referenced a joke purportedly made by plaintiff [which plaintiff contests] — "old dogs can't use these new kids' toys."  Def'ts 56.1 Stmt. ¶¶ 99-100.  Isola also explained that being of the same "generation" as plaintiff meant that plaintiff would be expected to be less skilled with technology with Hartman, though Isola cited no specific examples indicating that plaintiff was deficient with technology.  Pl. 56.1 Stmt. ¶¶ 21, 23.  Similarly, Board members stated that they selected Hartman because they "liked the fact that he was from a younger generation on the force," DE 78, Ex. L 40:13-17, "thought [Hartman] was the right age to fit into the way the Village had done . . . succession over the years," *Id*. Ex. K 26:19-22, and agreed that "the age difference between [ ] Hartman and [ ] Isola was a factor" in their "decision to go with [ ] Hartman," *Id*. Ex. J. 44:25-45:9.

May 13th Op. at 27.  These statements are explicit admissions, which if credited by the

jury may reasonably permit an inference that age caused the decision to promote

Hartman instead of plaintiff.

In one instance, a Board member was asked "[w]hy did you vote to approve [ ]

Hartman's promotion to lieutenant?" and the Board member replied "For me, I liked

the fact that he was from a younger generation on the force and that's the reason I voted

for him in that position." DE 78, Ex. L 40:5–17.  A fact-finder could obviously draw the

conclusion that age was a but-for cause of the decision, and that any other explanation

is false or inadequate.  Subtle, circumstantial hints of discriminatory animus may

11

represent a motivating factor without satisfying but-for causation. Here, however, decisionmakers were explicitly asked the motivation behind the lieutenant promotion decision and answered age. How could that not—at minimum—raise an issue of fact as to whether age was the but-for cause? Why even *mention* age in response to such a question if age did not ultimately play a material, but-for role in the decision? The answer to both questions is straightforward—the evidence could reasonably support a jury finding of but-for causation, and denial of summary judgment remains appropriate.

## II. Pretext

Chief Isola's second argument, related to the first, is that the Court "erred by failing to make a finding as to whether the Plaintiff had established that Chief Isola's stated reasons for recommending Hartman were pretextual."[4] Mot. at 7. This argument is similarly unavailing.

---

[4] In the motion's discussion of pretext, counsel returns to a theme from the but-for causation standard, arguing that "even if a jury could disagree with Chief Isola's personal opinion as to whether he and Plaintiff could successfully work together as Chief and Lieutenant, that would be insufficient to establish pretext as a matter of law" because "Plaintiff would need to establish that Isola did not believe that working with Plaintiff as his lieutenant would be difficult." Mot. at 9. Again, this recitation misapplies but-for causation. The jury would not have to reject Isola's personal opinion that working together "would be difficult." Instead, the jury would only need to find that plaintiff's age was a but-for cause of his lack of promotion, any other feelings Chief Isola held, notwithstanding. In that regard, the jury would presumably need to find that Chief Isola's personal feelings did not on their own adequately explain the promotion decision. But the Court found that a jury could reasonably determine that Chief Isola's personal relationship with plaintiff would not have prevented plaintiff's promotion, absent the arguable age discrimination considering Isola and plaintiff still work together, even if the relationship between them is "very stressful." Mot. at 12.

12

To begin, while Chief Isola seems to posit that pretext and but-for causation are discrete concepts, the reality is that "a showing of causation tends to collapse as a practical matter under the *McDonnell Douglas* framework with a showing of pretext." *Goldson v. Kral*, 13-CV-2747 (GBD)(FM), 2016 WL 1241526, at *6 (S.D.N.Y. Mar. 24, 2016) (cleaned up). Thus, at this point in a Section 1983 age discrimination suit, "the key is whether there is sufficient evidence in the record from which a reasonable trier of fact could find in favor of plaintiff on the ultimate issue, that is, whether the record contains sufficient evidence to support an inference of discrimination." *Burkhardt v. Lindsay*, 811 F. Supp. 2d 632, 652 (E.D.N.Y. 2011); *see also Wong v. Blind Brook-Rye Union Free Sch. Dist.*, 20-CV-2718 (CS), 2022 WL 17586324, at *9 (S.D.N.Y. Dec. 12, 2022) ("In short, the question becomes whether the evidence, taken as a whole, supports a sufficient rational inference of discrimination.") (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000)).

That is the standard the Court employed. *Compare Burkhardt* 811 F. Supp. 2d at 652, *supra* ("the key is . . . whether the record contains sufficient evidence to support an inference of discrimination.") *with* May 13th Op. at 26 ("Here, the only debate is to whether there is information in the record to support an inference of discrimination. There is."). In the May 13th opinion, the Court cited several factors that could support a jury finding of pretext, including that plaintiff had the highest score by a wide margin on the lieutenant's exam and that Chief Isola and Board members explicitly referenced

age in deciding to promote Hartman.[5]  May 13th Op. at 27-28.  Under the circumstances, the Court did not have to "reject" Chief Isola's proffered non-discriminatory explanation.  Instead, the Court only found that the evidence could reasonably *permit* a jury finding in plaintiff's favor.  Regardless, to the extent that Chief Isola believes the Court did not invoke pretext with sufficient explicitness, in the May 13th opinion, the Court reiterates that plaintiff has identified sufficient evidence to support a finding that Chief Isola and the Board's proffered explanations were pretextual, that disputes of fact remain, including as to Chief Isola's mental state, and that summary judgment is therefore inappropriate.

---

[5] Chief Isola appears to suggest that he should not be held responsible for the comments or actions of the Board members, only for his own personal conduct.  Certainly, Chief Isola cannot be held liable under Section 1983 without proof that he was personally involved in the discriminatory employment action.  However, "federal courts . . . have endorsed joint and several liability in [Section] 1983 cases," because "[f]ederal common law principles of tort and damages govern recovery under section 1983" and "[i]t is axiomatic that where several independent actors concurrently or consecutively produce a single, indivisible injury, each actor will be held jointly and severally liable for the entire injury.  In such a case the injured party may proceed to judgment against any or all of the responsible actors in a single or in several different actions." *Reinhardt v. City of Buffalo*, 21-CV-206, 2025 WL 2419571, at *25 (W.D.N.Y. Aug. 21, 2025) (quoting *Watts v. Laurent*, 774 F.2d 168, 179 (7th Cir. 1985)).  Because the court found there is sufficient evidence to permit a jury to find that Chief Isola acted with discriminatory intent, the Board members' comments may be relevant as to whether an illegal employment action occurred.  *See generally Del Franco v. New York City Off-Track Betting Corp.*, 429 F. Supp. 2d 529, 537 (E.D.N.Y. 2006), *aff'd*, 245 F. App'x 42 (2d Cir. 2007) ("Discriminatory statements are not deemed 'stray remarks' when they are: (1) made by the decision maker or one whose recommendation is sought by the decision maker; (2) related to the specific employment decision challenged; and (3) made close in time to the decision.") (cleaned up); *cf. Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 275 (2d Cir. 2016) ("the impermissible bias of a single individual at any stage may taint the ultimate employment decision in violation of Title VII.") (alterations omitted); F.R.E. 801(d)(2)(e) (an out of court statement is not hearsay against a non-declarant defendant when "made by the party's coconspirator during and in furtherance of the conspiracy.").

14

Chief Isola's citations are not to the contrary. To begin with, counsel selectively quotes from *Naumovski v. Norris*, 934 F.3d 200 (2d Cir. 2019) in arguing that the "plaintiff must establish falsity." Mot. at 7. That citation is incomplete. The *Naumovski* panel held, as counsel recites elsewhere, that the employer's proffered legitimate rationale must be "either false or inadequate to support the adverse employment action." *Naumovski*, 934 F.3d at 215. As plaintiff suggests, that inquiry is ultimately coterminous with but-for causation. In other words, age could not be a but-for cause here if the Court determined plaintiff would not have been promoted even if he were the same age as Hartman. The Court found, however, that there was sufficient evidence in the record to permit a jury finding that plaintiff would have been promoted but for Chief Isola and the Board's alleged age-based discrimination. In such circumstances, the alternative explanations proffered by Chief Isola would be pretextual and inadequate, which is what the Court found.

Chief Isola's citation to *Gonzalez v. City of New York*, 845 F. App'x 11 (2d Cir. 2021) is similarly unavailing. There, the panel found that where the plaintiff offered only "a bare contention of temporal proximity, unaccompanied by any other evidence from which a rational jury could find pretext," summary judgment was appropriately granted for the defendants. *Id*. at 15. Here, however, the factual record is far more expansive, including the aforementioned admissions in depositions by Chief Isola and other key decision-makers that they considered plaintiff and Hartman's ages when determining which sergeant would receive a promotion to lieutenant.

Chief Isola cites to his 56.1 statement to raise alternative explanations for the failure to promote plaintiff.  DE 82 at 9.  But some of the bases raised are uncited and others, particularly the TASER website incident, are fiercely contested issues of fact.  *See* DE 78-5.  Given the deposition testimony referenced previously that reflects explicit age-based animus, the Court found that plaintiff has collected sufficient evidence to support a finding that the proffered explanations for the denial of plaintiff's promotion were false or inadequate and therefore pretextual.  As a result, the Court adheres to its initial holding.

### III.    Qualified Immunity

Chief Isola's third argument is that he is entitled to qualified immunity because his actions were not objectively unreasonable.  While qualified immunity always poses difficult hurdles for plaintiffs, the contention nonetheless fails at this stage.

"Where a factual issue exists on the issue of motive or intent, a defendant's motion for summary judgment on the basis of qualified immunity must fail," *Vann v. Sudranski*, 16-CV-7367 (VB), 2020 WL 3001072, at *6 (S.D.N.Y. June 4, 2020) (quoting *Johnson v. Ganim*, 342 F.3d 105, 117 (2d Cir. 2003)), and "[i]f there is a material question of fact as to the relevant surrounding circumstances, the question of objective reasonableness is for the jury," *McCrae v. Town of Brookhaven*, 759 F. Supp. 3d 372, 394 (E.D.N.Y. 2024) (quoting *Green v. City of New York*, 465 F.3d 65, 83 (2d Cir. 2006)); *see also Thomas v. Mason*, 23-753, 2024 WL 5199296, at *1 (2d Cir. Dec. 23, 2024) ("Summary judgment on qualified immunity grounds is not appropriate when there are facts in

16

dispute that are material to a determination of reasonableness.") (citing *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir. 1999)).

Chief Isola's argument necessarily depends on the Court accepting the proposition that an officer can be immune despite his invidious discrimination on the basis of a protected characteristic, well-established in the law, so long as surrounding circumstances could make such discrimination appear acceptable to the officer. That argument is contrary to established precedent.[6]

"Though the qualified immunity inquiry is generally an objective one, a defendant's subjective intent is indeed relevant in motive-based constitutional torts," as is the case here, because "[o]therwise, defendants in such cases would always be immunized from liability so long as they could point to objective evidence showing that a reasonable official could have acted on legitimate grounds." *Johnson*, 342 F.3d at 117.

---

[6] As the Court previously explained, Chief Isola may articulate a rational basis for discriminating based on age, which would bar liability even if age *were* a but-for cause of plaintiff's termination. *See* May 13th Op. at 26 ("even if the defendants' proffered explanations for the adverse employment action are pretextual, the ultimate question is whether defendants had a rational basis to discriminate based on age."). However, as the Court further explained, "[w]hether or not defendants had a rational basis to discriminate on the basis of age is an issue of fact for the jury." *Id.* (quoting *Purdy v. Town of Greenburgh*, 166 F. Supp. 2d 850, 868 (S.D.N.Y. 2001)). That analysis would evaluate the existence and rationality of a succession planning policy (the authenticity of which is not an undisputed fact given, *inter alia*, that not all decisionmakers referenced such a policy in their depositions). To be clear, if the jury finds that age discrimination was a but-for cause of the failure to promote plaintiff, Chief Isola's age-unrelated explanations such as his working relationship with plaintiff would *not* shield him from liability. *See Bostock*, 590 U.S. at 656. In other words, invidious age discrimination yields liability under Section 1983 even if there are additional but-for causes. The rational basis analysis considers only explanations that are both permissible *and* age-related.

And "it can never be objectively reasonable for a governmental official to act with the intent that is prohibited by law." *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 130 (2d Cir. 2004) (quoting *Locurto v. Safir*, 264 F.3d 154, 169 (2d Cir. 2001)). Thus, where a jury could find that the defendant acted with a prohibited specific intent and "the unconstitutionality of the conduct in question was clearly established at the time of the alleged violation, qualified immunity does not shield" the defendant from liability. *Id.*

Courts in this Circuit have uniformly rejected as frivolous the argument that intentional discrimination can yield qualified immunity. *See Barrella*, 814 F.3d at 609 ("we reject [defendant's] qualified-immunity argument, which contends—rather incredibly—that it was 'objectively reasonable' for him to believe in 2010 that federal law did not forbid discrimination based on Hispanic ethnicity"); *Sughrim v. New York*, 503 F. Supp. 3d 68, 94 (S.D.N.Y. 2020) ("No officer would find it objectively reasonable to intentionally discriminate on the basis of religion."); *see also Back*, 365 F.3d at 130 ("Defendants might have believed their stereotypes not to be [ ] discriminatory, but rather, to be *true* . . . [b]ut such a belief can not serve as a refuge in the discrimination context, for it cannot be considered 'objectively reasonable.'"). The rule could not be otherwise.

As explained by Judge McMahon in *Dolson v. Village of Washingtonville*, "of course" Chief Isola "may not have discriminated against" plaintiff, "[b]ut that has nothing whatever to do with qualified immunity. Qualified immunity protects [ ] a public official *who has committed a constitutional violation* from being held liable for that

18

violation.  If [Chief Isola] did not commit a constitutional violation—that is, if he did not discriminate against [plaintiff] . . . —then he will win this lawsuit on the merits, not simply be shielded from liability because of qualified immunity."  382 F. Supp. 2d 598, 602 (S.D.N.Y. 2005) (emphasis in original).

Chief Isola's arguments to the contrary are unpersuasive.  As the Court explained in the May 13th Opinion, plaintiff will have a heavy burden at trial, but the law would not excuse intentionally discriminatory behavior merely because the defendant subjectively believed the behavior to be permissible.  The Court is sympathetic to Chief Isola because the factual allocution at summary judgment did not clear by much the bar to demonstrate evidence of discriminatory intent.  But plaintiff did satisfy that burden, if narrowly, and so the qualified immunity issue at this stage is solely whether discriminatory action would be objectively unreasonable if proved at trial.  Because intentional discrimination based on age would be objectively unreasonable, qualified immunity is inappropriate at the summary judgment stage here.

Therefore, the contested factual issues regarding intent render inappropriate summary judgement on qualified immunity.

**Conclusion**

Accordingly, the motion for reconsideration is denied in full.


**SO ORDERED.**

Dated: July 9, 2026
           Central Islip, New York

                                    */s/ Gary R. Brown*
                                    GARY R. BROWN
                                    United States District Judge